DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| United States of America, | ) | CASE NO. 1:06 CR 359 |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | MEMORANDUM OPINION |
| v. | ) | ANALYZING THE SENTENCING |
|  | ) | FACTORS SET FORTH IN 18 U.S.C. |
| Robert Meadows, | ) | SECTION 3553(a) |
|  | ) |  |
| Defendant. | ) |  |

## I. Introduction

The Court conducted the sentencing hearing of the defendant Robert Meadows. The Court determined that the defendant's total offense level was 28 with a criminal history category of II calling for a sentencing range under the advisory sentencing guidelines of 87 to 108 months. Obedient to the command of *United States v. Booker* and after consideration of the unusual factual basis surrounding the defendant's arrest and conviction and after consideration of the sentencing factors set forth in 18 U.S.C. Section 3553(a), as set forth herein, and after notice that the Court was considering a downward variation, the Court decided to sentence the defendant within the guideline range of 57 to 71 months and sentenced the defendant to confinement for a period of 64 months with supervised release for a period of five years.[1]

_____

[1]In this case, the government's informant requested that the defendant Meadows convert cocaine powder to crack cocaine. The defendant Meadows agreed to the request, and in so doing, substantially increased the offense level for his conduct. The defendant has been in detention since his arrest in June of 2006. Recently, the defendant, through counsel, requested that the Court give the defendant a short furlough from his detention so that a medical need could be resolved. The Court granted the request. The defendant was released from detention

(continued...)

(1:06 CR 359)

<u>II.  The Analysis Required by 18 U.S.C. § 3553(a)</u>

The Court sets forth its analysis of the sentencing factors required by *Booker* and the statutory guidance provided by 18 U.S.C. §3553(a) as follows:

**(a)  Factors to be considered in imposing a sentence.**

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.  The court, in determining the particular sentence to be imposed, shall consider -

**(1)  The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

The offense conduct is set forth in paragraphs of 10 through 14 of the presentence report as follows:

> On June 19, 2006, a Cleveland police department source, while under surveillance, arranged with the defendant to purchase four and a half ounces of crack cocaine for $3,000.  The source was observed providing Meadows with a glass jar in the driveway of 3261 East 130th Street, Cleveland, Ohio, for him to "cook" his cocaine into crack cocaine.  The source was told to return in ten minutes.
>
> The source was contacted and instructed to return to the house, where 98.76 grams of crack cocaine was provided to the source who then departed.  Five minutes later, Meadows left the residence

---

[1](...continued)

for a short period of 12 hours.  He returned within the 12 hour period reflecting a commitment to respect the order of the Court.  The Court was also influenced by the need to sentence the defendant Robert Tufts, who acquiesced in the defendant Meadows' request to use the home of Robert Tufts for the purpose of converting the powder cocaine to crack cocaine as requested by the government's informant.  The Court also granted a downward variation to the defendant Tufts in the belief that the Court's sentence as to Tufts should take into consideration the sentence given to defendant Meadows.

2

(1:06 CR 359)

in his car, which was stopped by authorities a few blocks away. He was found with the $3,000 buy money, the cell phone used to call the informant and additional powder cocaine.

A few minutes upon Meadow's departure, Richard Tufts, who had arrived at the residence prior to the exchange, departed the residence carrying a white bag.  he was stopped in his vehicle a few blocks away and found to have additional crack cocaine on him, along with the "cooking" jar and related paraphernalia.

Both men subsequently signed waiver of rights forms and voluntarily provided statements, that in short, stated that Meadows had asked to use Tufts' residence to cook some cocaine into crack and he complied, retaining some of the crack as compensation.

The defendant's acceptance of responsibility is set forth in paragraph 17 of the

presentence report as follows:

On November 29, 2006, the defendant was interviewed in the presence of defense counsel and provided the following type-written statement which is included verbatim:

*"On June 19, 2006 I sold four and a half ounces of crack cocaine for $3,000 to a woman and it turned out she was working for the government as an informant.  I originally intended on selling her powder cocaine but she insisted that she wanted me to make it into crack cocaine for her so I did.*

*'I'm sorry I committed this crime and I'm really sorry I got Richard tufts involved in this.  I accept full responsibility for the crime I committed and I want to accept my punishment.  When I'm released I intend on living a law abiding life.  I'm not going to do anything that will take me away from my family like this again."* [sic]

The defendant is 37 years of age.  He was born in Cleveland, Ohio and was one of four

children to the union of his parents, however, he was raised by his mother and cannot recall his

father being in the home.  He denies ever being married or fathering any children, but he

3

(1:06 CR 359)

considers himself the father to his fiancée Sherice Rankin's children, Kirk Douglas, age 13 and Keira Douglas, age 11.  Prior to his incarceration, the defendant resided with Sherice Rankin and her two children.

The defendant has been diagnosed with diabetes and indicate that he takes glucose for the condition.  The defendant is only 5'8", but his weight is set forth in the presentence report as 335 pounds, placing him in the obese category.  The defendant also reports occasional problems with asthma.

The defendant reports that he sought medical health treatment on two earlier occasions due to problems in comprehension and ability to remember.  He further claims that he suffers from depression when trying to deal with stress and would benefit from mental health treatment. The defendant further acknowledges cocaine use which began in 1999 and describes his use as recreational using cocaine two or three times a week until his arrest for the instant offense.  The defendant was tested for drugs by the United States pretrial office and his urinalysis sample was confirmed positive for cocaine.

The defendant completed the ninth grade before dropping out of school but was unable to provide a reason for withdrawal from school.  He reports receiving his GED in 1996 while incarcerated and also reports that he completed a course in culinary art and received certificates in Canine Training and Small Business during his period of incarceration from 1994 to 1998.

The defendant's employment record is spotty.  He reports prior employment with a retail store and bill pay center.  He also reports having owned several small businesses including a

4

(1:06 CR 359)

clothing store and an automobile detail shop.  He also reports operating rental properties and

declares that he owns four such rental properties all of which are in foreclosure proceedings.

The pretrial report notes that the defendant has disability income of $600 per month.

### (2)   The Need for the Sentence Imposed

#### (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

It is apparent that both Robert Meadows and Richard Tufts were committed to

participating in a process by which powder cocaine is converted to crack cocaine.  In this case,

the defendant Robert Meadows, was engaged in selling crack cocaine to an informant and

received $3,000.00 as consideration of the sale of 4 ½ ounces of crack cocaine.  Crack cocaine is

a plague upon the community.  Crack cocaine can be sold in very small amounts, but is truly

addictive to its consumers.  It is appropriate that the punishment for selling crack cocaine be of

such a magnitude that it will discourage the type of conduct involved in the defendant Meadows'

conduct.  The Court is of the view that a sentence of 64 months as imposed in this case is

sufficient to promote respect for the law and provide just punishment for the defendant.

#### (B)  to afford adequate deterrence to criminal conduct;

The defendant, Robert Meadows, has no prior convictions arising from the use or sale of

controlled substances including crack cocaine.  His only conviction, other than for traffic

offenses, is for three counts of aggravated robbery in 1992 when he was age 22.  The Court is of

the view that a sentence of 64 months is sufficient to afford adequate deterrence to criminal

conduct by the friends and associates of the defendant who will be come aware of the length of

the sentence.

(1:06 CR 359)

### (C) to protect the public from further crimes of the defendant;

The sentence in this case will be the second sentence imposed upon the defendant. The defendant's first sentence, for aggravated robbery, resulted in a sentence of six to 15 years. The presentence report does not indicate when the defendant was released from custody, but it appears that he did not violate his state parole. The defendant is now 37 and appears to enjoy a significant relationship with Sherice Rankin. Whether that relationship will survive the defendant's period of custody is problematical. It is also problematical whether the defendant will develop employment skills and obtain more education to assist him upon his return to society. The Court is of the view that a sentence of 64 months, as imposed in this case, has the potential of protecting the public from further crimes of the defendant.

### (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

The defendant clearly needs the benefits of additional education and the development of employment skills to assist him upon his return to society. The defendant will have those opportunities while incarcerated and it is hoped that he will volunteer to participate in additional education and work in Prison Industries to develop employment skills. The defendant clearly needs to participate in an intensive drug rehabilitation program prior to his release from custody and the Court so recommends.

6

(1:06 CR 359)

## CONCLUSION

For the reasons set forth herein, a sentence of 64 months with supervised release for five years based on a downward variation as herein described, is a sentence sufficient, but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a)(2).


IT IS SO ORDERED.


 January 2, 2007                                       __/s/ David D. Dowd, Jr._____
Date                                                              David D. Dowd, Jr.
                                                                       U.S. District Judge

7